IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CLYDE JUNIOR MERIS, )
)
       Plaintiff, )
)
v. ) 1:18CV1015
)
A.B. CORPORAL MARTIN, et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Clyde Junior Meris, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names A.B. Corporal Martin, an officer with the Sheriff's Department in Guilford County, North Carolina, and S.D. Brown, a police officer in Greensboro, North Carolina, as the Defendants in this matter. He alleges that they executed a search warrant on his business and seized tools, phones, computers, and receipts during the search. Plaintiff claims that the items seized included a folder containing receipts that would have shown that some of the tools seized, which law enforcement claimed were stolen, were bought by Plaintiff or his wife. Plaintiff alleges that he was later arrested on numerous charges and that he bonded out on a $300,000 secured bond. However, he was also later indicted as a habitual felon. He claims that the indictments occurred because Defendants fabricated evidence against him. Finally, he claims that he would have gone to trial, but that Defendants could not locate the folder with the receipts he needed to prove his innocence. He therefore accepted a plea bargain and later received a lengthy prison sentence, which he is now serving.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly,

2

550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his habitual felon and other convictions. Boiled down to their essentials, Plaintiff's claims allege that Defendants seized exculpatory evidence from him, fabricated inculpatory evidence to ensure his prosecution, and then lost or destroyed the exculpatory evidence. Therefore, his

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

claims, if proven, necessarily undermine his state court convictions. As the Court informed Plaintiff previously on multiple occasions, he is not permitted to do this without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so, his continued attempt to attack his convictions using § 1983 is frivolous, and, therefore, dismissal is proper for this reason alone.

Further, to the extent that Plaintiff bases his claims on negligence, § 1983 covers only intentional violations of federally protected rights, not mere negligence. This includes negligent deprivation of access to the courts, which does not state a claim under § 1983. Pink v. Lester, 52 F.3d 73, 75-77 (4th Cir. 1995). Therefore, any claims of negligence raised under § 1983 should be dismissed.

Finally, to the extent that Plaintiff alleges that Defendants intentionally, rather than negligently, destroyed or lost his receipts as a form of property damage, where a post-deprivation remedy is available under state law, there is no procedural due process claim under § 1983 for such takings. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished). Prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Therefore, Plaintiff cannot bring a procedural due process claim under § 1983 for destruction of the receipts. Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001); Wilkins, supra; English v.

4

Burke County Sheriff's Office, No. 1:11-cv-144-RJC, 2012 WL 3811798, at * 3-4 (W.D.N.C. Sept. 4, 2012) (unpublished). In the end, Plaintiff's entire Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $16.67. Failure to comply with this Order will lead to dismissal of the complaint.

Plaintiff also filed a Motion (Docket Entry 3) seeking an appointment of counsel in this case. That Motion will be denied in light of the recommendation that the case be dismissed.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $16.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of February of 2019, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that Plaintiff's Motion (Docket Entry 3) seeking an appointment of counsel is denied.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state a claim upon which relief may be granted.

This, the 28th day of December, 2018.

_____
Joe L. Webster
United States Magistrate Judge